FILED
2005 Feb-07  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Amanda Patronas | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| Franklin Collection Service, Inc., and | ) |
| Grayson & Associates, P.C. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action brought by the Plaintiff for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"); for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"); and for compensatory and punitive damages for the Defendants' violations of Alabama State Law set forth herein.

## Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d); 15 U.S.C. §1681p, 28 U.S.C. § 1331; and §1367.  Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## Parties

3. The Plaintiff, Amanda Patronas, is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Shelby County, Hoover, Alabama.

4. The Defendant, Franklin Collection Service, Inc., a corporation whose correct corporate status is unknown to Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

5. The Defendant, Grayson & Associates, P.C., a corporation whose correct corporate status is unknown to Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama.

6. Each of said Defendants participated in and contributed to the acts that injured and damaged the Plaintiff as set forth herein below. Each of said Defendants acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff herein.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

7. The Plaintiff adopts the averments and allegations of paragraphs 1 through 6 hereinbefore as if fully set forth herein.

8. The Defendant, Franklin Collection Service, Inc., has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

9. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

10. The Defendant violated §1692c(a)(2) by continuing to contact the Plaintiff after knowledge that she was represented by an attorney.

11. The Defendant violated §1692c(b) by communicating with a third party without the Plaintiff's consent.

12. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

    (A) By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).
    (B) By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).
    (C) By failing to make meaningful disclosure of the caller's identity in violation of §1692d(6).

13. The Defendant violated §1692e by making false and misleading representations to the Plaintiff. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant was made recklessly, willfully, and/or intentionally.

14. The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

15. The Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false in violation of §1692e(8).

16. The Defendant failed to communicate that a disputed debt was disputed in violation of §1692e(8).

17. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

## COUNT TWO
## INVASION OF THE RIGHT OF PRIVACY

18. The Plaintiff adopts the averments and allegations of paragraphs 1 through 17 hereinbefore as if fully set forth herein.

19. The Defendants, Franklin Collection Service, Inc. and Grayson & Associates, undertook and or directed a series of communications to the home of the Plaintiff from February 1, 2004, through October 30, 2004, constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy after repeated requests that the Defendants no longer contact her. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt she did not owe.

20. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were the employees of and acting on behalf of the named Defendants.

21. Plaintiff repeatedly and continuously denied responsibility for the debt and requested the Defendants stop communicating with her. Defendants refused to cease communicating directly with the Plaintiff.

22. Said communications constitute the unwarranted and/or wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into her solitude and seclusion.

23. As a proximate consequence of said invasion of the right of privacy, the Defendants have caused the Plaintiff to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, family discord, anger, physical pain and sickness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of paragraphs 1 through 23 hereinbefore as if fully set forth herein.

25. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendants knew or should have known that said conduct was improper.

27. The Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

28. The Defendants recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

29. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## PLACED IN A FALSE LIGHT

30. The Plaintiff adopts the averments and allegations of paragraphs 1 through 29 hereinbefore as if fully set forth herein.

31. The Defendants held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff which were offensive, untrue, and inaccurate, and which alleged the Plaintiff was in debt to Defendants, owed money to Defendants, and/or had a bad debt with Defendants.

32. The Defendants knew Plaintiff did not have an outstanding balance on her account and that she did not owe any funds. The Defendants knew this at the time it was reporting such information.

33. The Defendants held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff in the national credit reporting media.

34. The conduct of the Defendants was objectionable to the Plaintiff and to any reasonable person. The Defendants' actions were willful, reckless, wanton, and/or made with malice and resulted in the Plaintiff being unreasonably placed in a false light.

35. Due to the Defendants placing Plaintiff in a false light, the Plaintiff was caused to have negative credit reports, subjected to collection calls and activities, held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and sickness, and mental anguish for which she claims compensatory and punitive damages.

## COUNT FIVE
## DEFAMATION, LIBEL AND SLANDER

36. The Plaintiff adopts the averments and allegations of paragraphs 1 through 35 hereinbefore as if fully set forth herein.

37. The Defendants willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's credit reputation, and subjected the Plaintiff to collection efforts.

38. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

39. The Defendants communicated to credit reporting agencies, and/or other third parties, false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

40. Said communications were false in that Plaintiff was not indebted to the Defendants, Plaintiff was not obligated to the Defendants, and Plaintiff did not have a bad debt, nor a "charged off" debt with the Defendants.

41. At the time said communications were made, the Defendants knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

42. As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to her reputation in the eyes of her community and the public, and/or was subjected to ridicule.

43. Said communications were oral and/or written.

44. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, subjected to collection calls and activities, held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and sickness, and mental anguish for which she claims compensatory and punitive damages.

## COUNT SIX
## FAIR CREDIT REPORTING ACT

45. The Plaintiff adopts the averments and allegations of paragraphs 1 through 44 hereinbefore as if fully set forth herein.

46. Defendant, Franklin Collection Service, Inc., violated 15 U.S.C. §1681s-2(b)(1)(A) by failing

to conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendant had provided to a consumer reporting agency.

47. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

48. Defendant violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by said Defendant to a consumer reporting agency.

49. Defendant violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

50. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

51. Defendant violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendant's account was inaccurate, incomplete, false, and misleading.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands, separately and severally, a judgment against the Defendants for the following:

A. Declaratory judgment that Defendant's, Franklin Collection Service, Inc., conduct violated the FCRA;
B. Statutory damages from Defendant, Franklin Collection Service, Inc., for its violations of the FCRA;
C. Actual damages from the Defendant, Franklin Collection Service, Inc., pursuant to 15 U.S.C. § 1681n(a)(1)(A);
D. Compensatory and punitive damages from Defendant, Franklin Collection Service, Inc., for its violations of the FCRA;
E. Costs and reasonable attorney's fees from the Defendant, Franklin Collection Service, Inc., pursuant to 15 U.S.C. §1681n(a)(3) and 15 U.S.C. § 1692k;
F. Declaratory judgment that Defendant's, Franklin Collection Service, Inc., conduct violated the FDCPA;
G. Actual damages for Defendant's, Franklin Collection Services, Inc., violations of the FDCPA;
H. Statutory damages of $1,000 from the Defendant, Franklin Collection Services, Inc., pursuant to 15 U.S.C. § 1692k;
I. Compensatory and punitive damages against each Defendant in the amount of $250,000.00 on Plaintiff's state law claims for damages due to the Defendants' Invasion of Privacy, False Light, Defamation/Libel/Slander, and Reckless and Wanton Training and Supervision.

J.    For such other and further relief as the Court may deem just and proper.

_____
Penny D. Hays ASB-6309-A63P
Attorney for Plaintiff

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, AL 35223
(205) 870-9848

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____
Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT**:
Franklin Collection Service, Inc.
2978 West Jackson Street
Tupelo, MS 38801

Garry S. Grayson, Registered Agent
Grayson & Associates
2200 Lakeshore Drive #150
Birmingham, AL 35209